# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2005 DEC 22  P 12: 32

CLERK _D. Taylor_

| | | |
|---|---|---|
| ROBERT S. WORTHY, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| GEORGIA DEPARTMENT OF HUMAN RESOURCES, LEE HERRIN, and BETTY O'HAIRE, | : : | |
| Defendants. | : | NO. CV205-214 |

## O R D E R

Plaintiff, Robert S. Worthy, has filed this action, ostensibly pursuant to 42 U.S.C. § 1983, against the Georgia Department of Human Resources, Lee Herrin, and Betty O'Haire, alleging denial of his constitutional rights.  Presently before the Court is Defendants' motion seeking to dismiss the claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  As Plaintiff has failed to file a response to Defendants' motion, the Court deems the motion unopposed.  See Loc. R. 7.5.  For the following reasons, Defendants' motion will be **GRANTED**.

AO 72A
(Rev. 8/82)

**FACTS**

Robert Worthy, proceeding pro se, filed this action alleging violation of his constitutional right to a trial by jury and the attendance of witnesses. While Worthy has named the Georgia Department of Human Resources, Lee Herrin, and Betty O'Haire as defendants in this action, he has failed to allege any specific acts committed by the named defendants.

**DISCUSSION**

**I.   STANDARD FOR MOTION TO DISMISS**

Defendants are entitled to dismissal of the claims if "the plaintiff can prove no set of facts in support of the claim that would entitle [him] to relief." Davita Inc. v. Nephrology Assocs., P.C., 253 F. Supp. 2d 1370, 1374 (S.D. Ga. March 25, 2003); see also Conley v. Gibson, 355 U.S. 41, 45, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). When a plaintiff proceeds pro se, his allegations must be read liberally and the court must hold the complaint to a less stringent standard than it holds those drafted by attorneys. See Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976), reh'g denied, 429 U.S. 1066, 97 S. Ct. 798, 50 L.Ed.2d 785 (1977). When, however, on the basis of a dispositive issue of law, no construction of the

AO 72A
(Rev. 8/82)

factual allegations of the complaint will support the cause of action, dismissal of the complaint is appropriate. <u>See</u> <u>Executive 100, Inc. v. Martin County</u>, 922 F.2d 1536 (11th Cir.), <u>cert.</u> <u>denied</u>, U.S. 810, 112 S. Ct. 55, 116 L.Ed.2d 32 (1991).

## II.  ELEVENTH AMENDMENT IMMUNITY

Plaintiff has named the Georgia Department of Human Resources, Lee Herrin, and Betty O'Haire as Defendants in this action, alleging violation of his constitutional rights. While not specified in the complaint, 42 U.S.C. § 1983 is the proper avenue for pursuing a claim against a state actor for violation of constitutional rights.[1]  In enacting section 1983, Congress did not intend to abrogate "well-established immunities or defenses" under the common law or the Eleventh Amendment. <u>Will</u> <u>v. Mich. Dep't of State Police</u>, 491 U.S. 58, 67, 109 S. Ct. 2304, 2310, 105 L. Ed. 2d 45, 58 (1989).

---

[1]   42 U.S.C. § 1983 provides, in part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

3

Absent evidence that the injury resulted from a governmental policy or custom, the Eleventh Amendment generally bars suits against non-consenting states. <u>Miller v. King</u>, 384 F.3d 1248, 1264 (11th Cir. 2004); <u>Free v. Granger</u>, 887 F.2d 1552, 1556 (11th Cir. 1989). A lawsuit against a state agency or a state official in his official capacity is no different from a suit against a state itself. <u>Scott v. Taylor</u>, 405 F.3d 1251, 1255 (11th Cir. 2005); <u>Will</u>, 491 U.S. at 71, 109 S. Ct. at 2312; <u>Brandon v. Holt</u>, 469 U.S. 464, 471, 105 S. Ct. 873, 877, 83 L. Ed. 2d 878 (1985). Such defendants "are not 'persons' within the meaning of § 1983" and, thus, are immune from suit. <u>Edwards v. Wallace Community College</u>, 49 F.3d 1517, 1524 (11th Cir. 1995). Thus, Plaintiff's claims against the Georgia Department of Human Resources and Defendants Herrin and O'Haire in their official capacity are barred by the Eleventh Amendment.

III.    **DEFENDANTS IN THEIR INDIVIDUAL CAPACITY**

To prevail in a section 1983 cause of action, Worthy must demonstrate both that Defendants, Herrin and O'Haire, deprived him of a right secured under the Constitution or federal law and that the deprivation occurred under the color of state law.

4

<u>See</u> 42 U.S.C. § 1983; <u>see</u> <u>also</u> <u>Burton v. City of Belle Glade</u>, 178 F.3d 1175, 1188-89 (11th Cir.), <u>reh'g</u> and <u>reh'g en banc</u> <u>denied</u>, 193 F.3d 525 (1999).

The Court is unable to discern from Plaintiff's complaint which defendants committed which specific acts that allegedly violated his constitutionally protected right.  While Worthy has named Herrin and O'Haire as Defendants in this action, he has failed to allege any specific acts committed by either defendant that deprived him of his constitutional rights. Therefore, the Court is unable to determine whether his allegations state claims upon which relief may be granted against these defendants in their individual capacity. Accordingly, the complaint will be **DISMISSED**, subject to a right to amend as set forth below.

**CONCLUSION**

For the foregoing reasons, Defendants' unopposed motion to dismiss (Doc. No. 6) is **GRANTED**.

Worthy is directed to file an amended complaint within ten (10) days from the date of this Order alleging the specific acts committed by Defendants, Herrin and O'Haire, that resulted in a particular constitutional violation, and when those acts

AO 72A
(Rev. 8/82)

occurred.  Furthermore, if either defendant did not directly participate in a constitutional violation, Worthy is directed to state the theory upon which he seeks to hold that defendant liable.

**SO ORDERED**, this ___22___ day of December, 2005.


_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

6

AO 72A
(Rev. 8/82)